IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ZIKLAG IP LLC, | |
| Plaintiff, | |
| v. | Case No. 24-cv-01789 |
| NETFLIX, INC., | Judge Mary M. Rowland |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ziklag IP LLC ("Ziklag") brings suit against Defendant Netflix, Inc. ("Netflix") for patent infringement. For the reasons stated herein, Defendant's Motion to Dismiss [19] is granted.

## I. Background

The following factual allegations taken from the operative complaint [14] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

This lawsuit concerns United States Patent No. 6,182,128 ("the '128 patent"), entitled "Real-Time Music Distribution Systems." [14] at ¶ 3. The '128 patent was filed on March 5, 1998, and expired on March 5, 2018. *Id.* at ¶ 4. The '128 patent was issued to the original plaintiff in this action, Touchmusic Entertainment LLC ("Touchmusic"), on January 30, 2001. *Id.* at ¶ 3; [14-1]. Touchmusic filed the original complaint in this action on March 3, 2024, two days before the 6-year statute of limitations expired, alleging infringement of the '128 patent. *See* [1]. Touchmusic's

1

corporate rights under California law were suspended at the time it filed suit, and it was therefore prohibited from filing suit.[1] *See* [19] at 5-6; [21] at 2, 4-5. On April 18, 2024, Touchmusic assigned the '128 patent to Ziklag. [14] at ¶ 3. Ziklag therefore owns all right, title, and interest in the '128 patent. *Id.*

Unsurprisingly, Ziklag filed an amended complaint on May 17, 2024 substituting itself as Plaintiff. [14]. The amended complaint is identical to the original complaint except that now Ziklag alleges that Netflix infringed on the '128 patent. *Id.* at ¶¶ 7-19. Ziklag seeks damages for *three days'* worth of Netflix's alleged infringement: from March 3, 2018, (again, six years before the filing of the original complaint), to March 5, 2018, the date on which the '128 patent expired. *Id.* at ¶¶ 4, 7.

Netflix moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the statute of limitations bars Ziklag's claims. [19]. Netflix also moves to dismiss pursuant to Rule 12(b)(1), arguing that Ziklag lacks standing. *Id.*

## II.    Standard

"To survive a motion to dismiss under Rule 12(b)(6), the complaint must provide enough factual information to state a claim to relief that is plausible on its face and raise a right to relief above the speculative level." *Haywood v. Massage Envy Franchising, LLC*, 887 F.3d 329, 333 (7th Cir. 2018) (quoting *Camasta v. Jos. A. Bank Clothiers, Inc.*, 761 F.3d 732, 736 (7th Cir. 2014)); *see also* Fed. R. Civ. P. 8(a)(2) (requiring a complaint to contain a "short and plain statement of the claim showing

---

[1] As explained below, the Court takes judicial notice of Touchmusic's corporate status.

that the pleader is entitled to relief"). A court deciding a Rule 12(b)(6) motion "construe[s] the complaint in the light most favorable to the plaintiff, accept[s] all well-pleaded facts as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Lax*, 20 F.4th at 1181. However, the court need not accept as true "statements of law or unsupported conclusory factual allegations." *Id.* (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021)). "While detailed factual allegations are not necessary to survive a motion to dismiss, [the standard] does require 'more than mere labels and conclusions or a formulaic recitation of the elements of a cause of action to be considered adequate.'" *Sevugan v. Direct Energy Servs., LLC*, 931 F.3d 610, 614 (7th Cir. 2019) (quoting *Bell v. City of Chicago*, 835 F.3d 736, 738 (7th Cir. 2016)).

Dismissal for failure to state a claim is proper "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Deciding the plausibility of the claim is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)).

"In evaluating a challenge to subject matter jurisdiction, the court must first determine whether a factual or facial challenge has been raised." *Silha v. ACT, Inc.*, 807 F.3d 169, 173 (7th Cir. 2015) (citing *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 572 F.3d 440, 443 (7th Cir. 2009)). A facial challenge argues that the plaintiff has not sufficiently alleged a basis for subject matter jurisdiction, while a factual challenge contends that even if the pleadings are sufficient there is in fact no subject matter

jurisdiction. *Id.* "[W]hen evaluating a facial challenge to subject matter jurisdiction under Rule 12(b)(1), a court should use *Twombly-Iqbal's* 'plausibility' requirement." *Id.* at 174. If, however, the defendant contests the truth of the jurisdictional allegations—a factual challenge—the Court may look beyond the pleadings and view any competent proof submitted by the parties to determine if the plaintiff has established subject matter jurisdiction by a preponderance of the evidence. *See id.* at 173. If a "complaint is facially sufficient but external facts call the court's jurisdiction into question, we 'may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists.'" *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) (quoting *Apex Digital*, 572 F.3d at 444).

## III. Analysis

### A. Article III Standing

Netflix argues that Ziklag lacks standing because it did not have standing at the time of Touchmusic's filing of the original complaint and because assignment of the '128 patent to Ziklag did not convey a right to sue for past damages. [19] at 11-13.

"Standing is a threshold requirement because it derives from the Constitution's limit on federal courts' authority to resolve 'cases' and 'controversies.'" *Bazile v. Fin. System of Green Bay, Inc.*, 983 F.3d 274, 278 (7th Cir. 2020). A plaintiff invoking the court's jurisdiction must establish that they "suffered a concrete and

4

particularized injury that is both fairly traceable to the challenged conduct and likely to be redressed by a favorable judicial decision." *Id.*

Although Netflix asserts that Ziklag lacks standing and moves to dismiss pursuant to Rule 12(b)(1), Netflix does not argue that Ziklag has failed to establish the elements of Article III standing. *See e.g.*, [19] at 10-13. Netflix's argument is properly understood as a challenge to Ziklag's ability to obtain relief under the patent laws, also known as statutory or prudential standing. *See Lone Star Silicon Innovations LLC v. Nanya Tech. Corp.*, 925 F.3d 1225, 1235 (Fed. Cir. 2019) (cautioning against "confus[ing] the requirements of Article III—which establish when a plaintiff may invoke the judicial power—and the requirements of § 281— which establish when a party may obtain relief under the patent laws."); *Kenall Mfg. Co. v. Cooper Lighting, LLC*, No. 17 C 4575, 2020 WL 4015324, at *2 (N.D. Ill. July 16, 2020) (noting that movant had failed to "present any separate argument for why [plaintiff] lacks Article III standing" as opposed to statutory standing under patent laws).

The Supreme Court has explained that statutory standing "does not implicate subject-matter jurisdiction." *Lexmark Intern., Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 128 n.4 (2014). Therefore, "motions to dismiss based on 'statutory standing' defects are properly brought under Rule 12(b)(6) rather than Rule 12(b)(1) in recognition of the fact that such defects are not jurisdictional." *Lone Star*, 925 F.3d at 1235; *see also Kenall*, 2020 WL 4015324, at *3 ("Properly understood, this is an argument under Rule 12(b)(6) that [plaintiff] no longer has statutory standing").

Here, Ziklag has adequately pled that it was injured by Netflix and seeks money damages to redress the injury. *See* [14]. "Article III requires no more." *Kenall*, 2020 WL 4015324, at *3 (holding that alleged patent infringer had adequately alleged Article III standing and denying Rule 12(b)(1) motion arguing lack of standing). Accordingly, Netflix's motion to dismiss pursuant to Rule 12(b)(1) for lack of standing is denied.

## B. Matters Outside the Pleadings

As discussed above, Netflix's motion to dismiss based on Ziklag's alleged statutory standing defects is properly brought under Rule 12(b)(6). Netflix also moves to dismiss based on the statute of limitations under Rule 12(b)(6). *See* [19] at 5-10.

Netflix attached a declaration and various exhibits to its motion to dismiss, and Ziklag also attached exhibits to its response. *See* [19-1] – [19-7]; [21-1] – [21-3]. If a motion under Rule 12(b)(6) presents matters outside the pleadings which are not excluded by the court, "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d). However, a district court may "consider other documents attached to a motion to dismiss when they are referenced in the complaint and central to the plaintiff's claim." *Lax*, 20 F.4th at 1181 n.1 (citing *188 LLC v. Trinity Indus., Inc.*, 300 F.3d 730, 735 (7th Cir. 2002)).

The Assignment of Ownership (the "Assignment") between Touchmusic and Ziklag, [19-5], was referenced in the complaint, *see* [14] at ¶ 3, and is central to Ziklag's claims, therefore the Court will consider it without converting Netflix's motion to a motion for summary judgment. The Court will also take judicial notice of

6

Touchmusic's corporate status in California according to the California secretary of state's website.[2] The Court will not consider the other documents attached to the parties' briefing.

### C. Assignment of Rights to Past Infringement

Netflix argues that the Assignment of the '128 patent to Ziklag does not convey a right to sue for past damages, therefore Ziklag lacks statutory standing to seek damages for infringement which occurred before Ziklag owned the patent. [19] at 12.

"The general rule is that one seeking to recover money damages for infringement of a United States patent (an action 'at law') must have held the *legal title* to the patent *during the time of the infringement*." *Arachnid, Inc. v. Merit Industries, Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991) (emphasis in original). "[I]t is a great mistake to suppose that the assignment of a patent carries with it a transfer of the right to damages for an infringement committed before such assignment." *Moore v. Marsh*, 74 U.S. 515, 521 (1868). "Thus, the conveyance of the patent does not normally include the right to recover for injury occurring to the prior owner." *Minco, Inc. v. Combustion Engr., Inc.*, 95 F.3d 1109, 1117 (Fed. Cir. 1996) (citing *Crown Die*

---

[2] "A court may take judicial notice of facts that are (1) not subject to reasonable dispute and (2) either generally known within the territorial jurisdiction or capable of accurate and ready determination through sources whose accuracy cannot be questioned." *Ennenga v. Starns,* 677 F.3d 766, 773-74 (7th Cir. 2012). Courts may take judicial notice of information from an official government website which is not subject to reasonable dispute. *See Denius v. Dunlap*, 330 F.3d 919, 926 (7th Cir. 2003) (holding that information from National Personnel Records Center, Military Personnel Records "is appropriate for judicial notice because it is not subject to reasonable dispute"); *Outley v. City of Chicago*, 407 F. Supp. 3d 752, 767 (N.D. Ill. 2019) (taking judicial notice of information from the city's website); *Ambrosetti v. Oregon Catholic Press*, 458 F. Supp. 3d 1013, 1017 n.1 (N.D. Ind. 2020) ("In particular, the Court may take judicial notice of public record information obtained from an official government website.").

& Tool Co. v. Nye Tool & Mach. Works, 261 U.S. 24, 43 (1923)). Therefore, a plaintiff may only "sue for past infringement transpiring before it acquired legal title if a written assignment expressly grants the party a right to do so." *Abraxis Bioscience, Inc. v. Navinta LLC*, 625 F.3d 1359, 1367 (Fed. Cir. 2010); *see also Arachnid*, 939 F.2d at 1579 n.7 ("The authorities are uniform that the latter assignment [of a right of action for past infringements] must be express, and cannot be inferred from an assignment of the patent itself.").

Determining whether an assignment conveys the right to sue for prior infringement "turns on the proper construction of the assignment agreements, which is a matter of state contract law." *Minco*, 95 F.3d at 1117. There is not a "particular formula or set prescription of words" needed to convey the right to sue for past infringement. *Id.* However, "bare reference to all right, title, and interest does not normally transfer the right to sue for past infringement." *Id.* (citing *Moore*, 74 U.S. at 522). This is the precise language present in the current assignment.

Here, the one-page Assignment between Touchmusic and Ziklag does not include a choice of law provision. *See* [19-5]. Even without deciding which state's contract law controls, the Assignment includes only a "bare reference to all right, title, and interest." *Minco*, 95 F.3d at 1117. The Assignment states that it "hereby irrevocably conveys, transfers, and assigns all of Touchmusic's right, title, and interest in and to the Patent to Ziklag IP LLC." [19-5]. The assignment does not contain *any* reference to past infringement and does not expressly grant a right of action for past infringement. *See id.*

8

Ziklag argues that the assignment of an expired patent "can only convey the right to sue for past infringement." [21] at 13. Ziklag relies on *New Medium Techs. LLC v. Barco N.V.*, where the court rejected an argument that the licensing of an expired patent "had no legal effect" and failed to confer the right to sue simply because the patent was expired. 644 F. Supp. 2d 1049, 1060 (N.D. Ill. 2007). The court also rejected an argument that conveyance of a "right to sue" alone did not provide standing to sue for infringement. *Id.* The court observed that "right to sue" provisions do not independently provide a licensee with standing, and a court must examine all the rights granted or retained by a license to determine standing. *Id.* The court noted that "[i]n this context, however, the right to sue for prior infringement was the only right in play at the time of transfer because the underlying patent itself had already expired." *Id.* at 1060.

The court in *New Medium* did not discuss the body of case authority from the Federal Circuit requiring that an assignment expressly grant the right to sue for past infringement and did not specifically address the language of the license at issue in that case. *Id.* at 1060-1061. Therefore, it is not clear whether the license at issue in *New Medium* expressly granted the right to sue for past infringement. What is clear is the precedent from the Federal Circuit, and the lack of an express provision granting the right to sue for past infringement in the Assignment in the present case.

9

The Court finds that Ziklag does not have the right to sue for past infringement. Accordingly, Ziklag's amended complaint is dismissed.[3]

### D. Statute of Limitations As Potential Grounds for Dismissal

Ziklag asserts that to cure this deficiency it could simply add Touchmusic to its amended complaint or Touchmusic could provide a revised Assignment that expressly includes the right to sue for past infringement. [21] at 13. Netflix argues that the amended complaint should be dismissed without leave to amend. [19] at 13; [22] at 7-8. The Court will briefly address the issue raised by a Second Amended Complaint.[4]

Netflix argues the complaint should be dismissed with prejudice based on statute of limitations, arguing that Touchmusic's original complaint was "invalid" because Touchmusic was a suspended corporation under California law when it filed the original complaint. [19] at 5-6. Touchmusic's corporate status was not revived until after the statute of limitations had passed, and there was no tolling of the statute of limitations. *Id.* at 8. Netflix argues that any newly amended complaint (either by Ziklag with a revised Assignment or by Touchmusic which has apparently repaired its corporate standing with the California authorities) cannot relate back to Touchmusic's "invalid" complaint and is time-barred. *Id.* at 8-10.

---

[3] Because the Court finds that the Assignment did not effectively give Ziklag standing to sue, the Court does not reach Netflix's argument that Ziklag lacked standing at the inception of the lawsuit. *See* [19] at 11-12.

[4] Any effort to amend the complaint is stayed until the status hearing. The Court is very concerned that any more resources be spent on a case that involves an after-the-fact assignment of a patent to an LLC created for the *sole* purpose of stepping in as a Plaintiff for three days of damages. And now the Defendant will be required to research Illinois law concerning LLCs.

10

Netflix asserts that Touchmusic did not have capacity to bring suit when it filed the original complaint. It is uncontested that California corporations are statutorily barred from filing suit while suspended. [19] at 2, 6; [21] at 4; *see* Cal. Rev. & Tax. Code Ann. § 23301; *Ctr. for Self-Improvement & Community Dev. v. Lennar Corp.*, 94 Cal. Rptr. 3d 74, 79-80 (Cal. App. 1st Dist. 2009) ("Nor, during the period of suspension, may the corporation prosecute or defend an action"). According to Netflix, under California law, any complaint filed by a suspended corporation must be dismissed. [19] at 7.

The Court takes judicial notice of the fact that Touchmusic was suspended by the California Secretary of State at the time it filed the original complaint. The California Secretary of State's website[5] shows that Touchmusic was suspended by the California Secretary of State on June 29, 2012, and suspended by the Franchise Tax Board on August 1, 2014. Touchmusic then filed separate statements of information on March 4, 2024, and was revived by both the Secretary of State and Franchise Tax Board on April 12, 2024.

Netflix assumes that California law governs this issue and offers additional briefing if necessary. *See* [19] at 6 n.4 (asserting there is no dispute between the parties that California law governs the statute of limitations issue). The problem is that Netflix fails to differentiate between corporations and limited liability companies. "Capacity to engage in litigation is a party's right to come into court." *Jimenez v. CRC Prop. Mgt. W. Inc.*, No. 319CV01547JAHMSB, 2021 WL 4312622, at

---

[5] *See* https://bizfileonline.sos.ca.gov/search/business, search "Touchmusic Entertainment LLC" and select "View History."

*6 (S.D. Cal. Sept. 21, 2021). Federal Rule of Civil Procedure 17(b) provides that a corporation's capacity to sue is determined by the law under which the corporation was organized. Fed. R. Civ. P. 17(b)(2). Touchmusic is not a corporation—it is a limited liability company ("LLC"). "The Seventh Circuit has repeatedly distinguished corporations from limited liability companies, making clear that they are different types of entities." *Merry Gentleman, LLC v. George and Leona Productions, Inc.*, No. 13 C 2690, 2014 WL 3810998, at *2 (N.D. Ill. Aug. 1, 2014) (collecting cases). An LLC's capacity to sue is governed by Rule 17(b)(3), which provides that capacity "for all other parties" is determined "by the law of the state where the court is located." Fed. R. Civ. P. 17(b)(3); *see Merry Gentleman*, 2014 WL 3810998, at *2 (collecting cases); *Jimenez*, 2021 WL 4312622, at *6. Therefore, Illinois law governs whether Touchmusic had capacity to sue while suspended.

Whether Touchmusic had capacity to sue under Illinois law when it initiated this lawsuit is an essential component of Netflix's statute of limitations defense. If Illinois law allows a suspended LLC to prosecute an action, then Touchmusic's original complaint was timely. Neither party briefed the applicability of Illinois law to this issue however, therefore the Court declines to rule on this issue.

## IV.   Conclusion

For the stated reasons, Defendant's Motion to Dismiss [19] is granted.

E N T E R:

Dated: March 25, 2025

_____
MARY M. ROWLAND
United States District Judge

13