## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

ZIKLAG IP LLC,

Plaintiff,

v.

NETFLIX, INC.,

Defendant.

Case No. 24-cv-01789

Judge Mary M. Rowland

### MEMORANDUM OPINION AND ORDER

Plaintiff Ziklag IP LLC ("Ziklag") sued Defendant Netflix, Inc. ("Netflix") for patent infringement. The Court granted Netflix's motion to dismiss for failure to state a claim because original plaintiff Touchmusic Entertainment LLC ("Touchmusic")'s assignment of the underlying patent to Ziklag did not expressly grant the right to sue for past infringement. [25]. On June 3, 2025, the Court heard oral argument on the application of Illinois law to the capacity issue and the propriety of allowing Ziklag to file an amended complaint. *See* [33].

For the reasons stated below, the Court finds that Touchmusic did have capacity to initiate this lawsuit under Illinois law. However, the Court also denies Ziklag leave to file an amended complaint because the decision to substitute Ziklag for Touchmusic as plaintiff was not due to an honest mistake and was instead done for tactical advantage.

### I.   Background

1

The Court assumes familiarity with the factual background of the case as detailed in its previous opinion addressing Netflix's motion to dismiss. *See* [25]. Relevant here is that Touchmusic's corporate rights were suspended by the state of California at the time that it initiated this lawsuit. [25] at 11.

## II. Analysis

### A. Capacity to Sue

Under California law, a corporate entity's "powers, rights, and privileges" can be suspended by the state for failure to pay its taxes, penalties, or interest. Cal. Rev. & Tax. Code Ann. § 23301. A suspended corporate entity cannot "prosecute or defend an action." *See Ctr. for Self-Improvement & Community Dev. v. Lennar Corp.*, 94 Cal. Rptr. 3d 74, 79 (Cal. App. 1st Dist. 2009). Under Illinois law, the state "may dissolve any limited liability company administratively" if the limited liability company ("LLC") fails to pay its required fees or file its annual report. 805 Ill. Comp. Stat. Ann. 180/35-25. An administratively dissolved LLC can be reinstated after paying the outstanding fees and filing the outstanding reports. *Id.* § 180/35-40(a). After being reinstated, the LLC's "existence shall be deemed to have continued without interruption from the date of the issuance of the notice of dissolution, and the limited liability company shall stand revived with the powers, duties, and obligations as if it had not been dissolved." *Id.* § 180/35-40(d).

In *Revolution Madison, LLC v. Eccles*, the Illinois Appellate Court addressed whether an LLC had capacity to maintain a lawsuit where the LLC filed its complaint while administratively dissolved but was subsequently reinstated. 2015 IL App (2d) 140876-U, ¶ 32. The court acknowledged that no other Illinois cases directly interpreted

2

§ 180/35-40(d), however courts interpreting analogous statutes applicable to Illinois corporations and non-profits allowed plaintiffs to file suit while administratively dissolved if they were later reinstated. *Id.* at ¶¶ 35-42. The court therefore held that for a reinstated LLC, § 180/35-40(d) allows them to maintain lawsuits filed while dissolved because "subsequent reinstatement cured any defect in its capacity to maintain suit." *Id.* at ¶ 43.

Touchmusic filed the original complaint in this action while suspended by California, but Touchmusic subsequently revived its corporate status and rights on April 12, 2024. *See* [25] at 11. Therefore, under Illinois law, Touchmusic cured the defect in its capacity and would be permitted to maintain this lawsuit.

### B. Leave to Amend and Substitute

Touchmusic faces another challenge in its ability to maintain this lawsuit, however. Ziklag filed an amended complaint which substituted Ziklag as the plaintiff in this action in place of Touchmusic. *See* [14]. With Ziklag's complaint dismissed, Touchmusic now wishes to file a second amended complaint re-substituting Touchmusic back in as the proper plaintiff. *See* [21] at 13. Under Federal Rule of Civil Procedure 17, a court must give the real party in interest a reasonable time to be substituted into the action before dismissing the action. Fed. R. Civ. P. 17(a)(3). "The Rule allows the substitution of a party to relate back to the time of filing 'when an honest mistake has been made in choosing the party in whose name the action [was] filed.'" *Ricalday v. Bockelmann*, No. 08 C 50021, 2009 WL 10859406, at *1 (N.D. Ill. Apr. 22, 2009) (quoting Fed. R. Civ. P. 17 (Advisory Committee Notes)). "[C]ourts should only decline to allow

substitution under that rule when a party seeks to use it in bad faith or to gain a tactical advantage." *Id.* (citing *Esposito v. U.S.*, 368 F.3d 1271, 1276 (10th Cir. 2004)).

It is clear that the reason Touchmusic assigned the patent to Ziklag was to avoid the lack of capacity and relation back issues under California law caused by Touchmusic's suspended status. Touchmusic was suspended in California when it filed the original complaint in this action on March 3, 2024. [21] at 2. California did not lift the suspension and restore Touchmusic's good standing until April 19, 2024. *Id.* Ziklag was formed as a Tennessee limited liability company on April 18, 2024. *Id.* at 3. On that same day, Touchmusic assigned the underlying patent to Ziklag. *Id.* On May 17, 2024, Ziklag filed an amended complaint replacing Touchmusic as the plaintiff but otherwise making no changes to the original complaint. *Id.* The substitution of Ziklag as the plaintiff in this action was therefore not due to an honest mistake but was done for tactical advantage to avoid the issue of Touchmusic's suspended corporate status and the impact it could have on pursuing this lawsuit. The Court therefore denies Ziklag leave to amend to re-substitute Touchmusic as the proper party in interest and relate back to the filing of the original complaint.

### III.    Conclusion

For the stated reasons, the Court denies leave to amend the complaint and re-substitute Touchmusic as the proper plaintiff. Any other amendments to the complaint would be futile because they would not relate back to the original complaint and the statute of limitations has passed. *See Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023) (district courts have "broad discretion to deny leave to amend a complaint where the amendment would be futile"). Civil case terminated. Judgment to enter.

4

E N T E R :

Dated: June 20, 2025

_____

MARY M. ROWLAND
United States District Judge